UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KARL SIENKIEWICZ,

                    Plaintiff,                          COMPLAINT FOR VIOLATION OF THE
                                                        FAIR DEBT COLLECTION PRACTICES
                                                        ACT
v.

MIG CAPITAL MANAGEMENT, INC.,
                                                        Jury Trial Demanded
                    Defendant.

_____

## INTRODUCTION

1.  This is an action for damages and declaratory relief by an individual consumer for repeated
    violations of the Fair Debt Collection Practices Act, 15 U.S.C. _ 1692 *et seq.* (hereinafter the
    "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair
    practices.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. §1337 and 15 U.S.C. §1692k(d).

3.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Plaintiff resides here,
    defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4.  Plaintiff, KARL SIENKIEWICZ ("Plaintiff"), is a natural person residing in Erie County,
    State of New York, is residing in the Western District of New York, and is a "consumer" as
    defined by 15 U.S.C. §1692a(2).

5.  Defendant MIG CAPITAL MANAGEMENT, INC. ("Defendant"), is registered in New
    York as a foreign corporation organized under the laws of Florida, and that Defendant
    regularly engages in the collection of debts in this state, and that Defendant is a "debt
    collector" as defined by 15 U.S.C. § 1692a(6).

6.  That all references to Defendant shall include an employee or employees of Defendant.

## FACTUAL ALLEGATIONS

7.  That Plaintiff incurred an alleged financial obligation arising out of a transaction that was

primarily for personal, family, or household purposes (hereinafter the "Account").

8.  That the Account is a "debt" as defined by 15 U.S.C. _ 1692a(5).

9.  That following Plaintiff's alleged default on the Account, the Account was assigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

10. That Plaintiff has received phone calls and voicemail messages from Defendant who was attempting to collect the Account, which calls each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

11. That on or about May 10, 2011, Plaintiff began to receive collection calls from Defendant, by its agent "Ms. Jones," on his girlfriend's home telephone in an attempt to collect on a debt.

12. That on or about May 10, 2011, Plaintiff discussed this alleged Account with Defendant's agent, and that during such conversation Defendant threatened Plaintiff, stating that "if [Plaintiff] did not make payment arrangements to take care of the account today, [Defendant is] going to start proceedings to sue and garnish wages."

13. That during the conversation Defendant's agent spoke in an intimidating tone and continued to threaten legal action against Plaintiff is payment was not made.

14. That upon information and belief, Defendant is not a law firm, does not "sue" clients, does not have the legal ability to "sue" clients and or "garnish wages," and did not, at the time such threat was issued, intend to take such action to "sue and garnish wages."

15. That through the date of this complaint, no legal action has been commenced, despite Plaintiff's failure to "make payment arrangements to take care of the account on [May 10, 2011]."

16. That upon information and belief, this Account has been defaulted on for many years, and that Defendant would be barred by the statute of limitations from commencing any legal action against Plaintiff on the basis of this account, as the default and date of last payment are beyond six (6) years.

17. That Plaintiff was frightened by Defendant's threats because he relies solely on social security income, and was concerned that Defendant would restrain such income.

18. That during the May 10, 2011, communication between Plaintiff and Defendant, Plaintiff advised Defendant that he had retained an attorney with respect to the Account, provided the attorney's name and contact information, and informed Defendant to contact such attorney at the attorney's telephone number.

19. That despite such clear notice of representation, and request for all communications to be

made with such attorney, Defendant threatened Plaintiff by stating "I don't care about your lawyer," and continued her attempt to collect on the Account against the Plaintiff.

20. That at that point Plaintiff terminated the telephone call.

21. These actions and statements constitute continued communication with a consumer in connection with the collection of the alleged Account despite the collector's knowledge that the consumer is represented by an attorney with respect to such alleged Account, and therefore violate the FDCPA, 15 U.S.C. § 1692c(a)(2).

22. That, Defendant's deliberate, abusive, coercive, and illegal communication in an attempt to collect on the Account is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, and were done in an effort to harass and intimidate Plaintiff in violation of the FDCPA, 15 U.S.C. § 1692, and are part of a campaign of abusive and unlawful collection tactics directed at Plaintiff.

23. These statements and actions constitute violations of the FDCPA, including, but not limited to, violations of the FDCPA, false and misleading representations, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10); and harassment or abuse (15 U.S.C. _ 1692d), as these statements were false and misleading, and represents conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

24. That Defendant knew or should have know that its actions violated the FDCPA, and that Defendant failed to have taken the steps necessary to bring its actions within in compliance of the FDCPA but neglected to do so.

25. That as a result of the actions of Defendant, Plaintiff has been embarrassed, humiliated, become upset, and suffered damages, including emotional distress.

## FIRST CAUSE OF ACTION UNDER THE FDCPA

26. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 25.

27. That Defendant violated the Fair Debt Collection Practices Act,  15 U.S.C. § 1692c(a)(2),by communicating with a consumer in connection with the collection of a debt with the collector's knowledge that the consumer is represented by an attorney with respect to such debt, as described in this complaint.

28. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

## SECOND CAUSE OF ACTION UNDER THE FDCPA

29. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 28.

30. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

31. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

## THIRD CAUSE OF ACTION UNDER THE FDCPA

32. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 31.

33. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f, by communicating false, deceptive, and/or misleading representations to Plaintiff in an attempt to collect a debt, as described in this complaint.

34. That as a result of such violations Plaintiff has suffered damages, including emotional distress.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages as proven at trial, on each and every claim, pursuant to 15 U.S.C. _ 1692k;

B. Statutory Damages pursuant to 15 U.S.C. _ 1692k;

C. Costs, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. _ 1692k;

D. For such other and further relief as may be just and proper.

Dated:          April 4, 2012

/s/ **Christopher D. Smith**

_____

Christopher D. Smith, Esq.
CHRISTOPHER D. SMITH& ASSOCIATES
*Attorney for Plaintiff*
42 Lake Street
Hamburg, New York 14075
Telephone:     (716)648-1400
Facsimile:     (716)648-1449
Email: cdsmith@cdsmithassociates.com

4

**<u>VERIFICATION</u>**

I, KARL SIENKIEWICZ, verify that I am the Plaintiff in this action and that the foregoing Complaint, that the facts contained therein are true and correct to the best of my knowledge, information, or belief under penalties of perjury as provided by law, that this Complaint is not filed for any improper purpose, such as to harass any Defendant, and that the Complaint is filed in good faith and is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

/s/KARL SIENKIEWICZ
_____
KARL SIENKIEWICZ        Dated:April 4, 2012